IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 15-mj-01008-KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESUS ERNESTO GOMEZ-ESPINOZA,

    Defendant.

## ORDER OF DETENTION PENDING APPEARANCE IN NEW MEXICO

    This matter was before the Court for preliminary and detention hearing on February 9, 2015. Assistant United States Attorney Martha Paluch represented the government, and Warren Williamson represented the Defendant. The Defendant waived identity but contested probable cause and detention in this District.

    The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant in New Mexico, based on the attached findings.

    IT IS HEREBY ORDERED that Mr. Gomez-Espinoza is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Mr. Herrera to the United States Marshal for the purpose of an appearance in connection with proceedings in New Mexico *with all deliberate speed*, where the District Court can make its own determination of whether pretrial confinement is required.

    DATED and ENTERED this 9th day of February, 2015, in Denver, Colorado.

                                                     By the Court:

                                                     S/Michael E. Hegarty
                                                     Michael E. Hegarty
                                                     United States Magistrate Judge

United States v. Jesus Ernesto Gomez-Espinoza
Case No. 15-mj-01008

### FINDINGS OF FACT, CONCLUSIONS OF LAW, and REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the Court's file, the arguments of counsel and evidence presented at the hearing int his matter, and comments provided at the hearing. Weighing the

1

statutory factors set forth in the Bail Reform Act, I find the following:

The District of New Mexico has alleged a supervised release violation, to wit, (1) violating a "no tolerance" drug restriction by testing positive for cocaine use in September 2010, with a warrant having been issued and Defendant having been in absconder status from the date of the warrant (September 22, 2010) to his arrest on November 12, 2014 in the District of Colorado; (2) failure to report to the United States Probation Office from October 2010 to November 2014; and (3) use of cocaine in mid-January 2015. I find the violations *as alleged* have been established by probable cause.

Federal Rule of Criminal Procedure 32.1(a)(6) gives a Magistrate Judge the authority to release or detain a person charged with supervised release violations under 18 U.S.C. § 3143(a). The statute establishes a presumption in favor of detention that is rebuttable only upon the Defendant showing, by clear and convincing evidence, that he or she is not likely to flee or pose a danger to any other person or the community. *See* Fed. R. Crim. P. 32.1(a)(6).

I find that the Defendant has not overcome the presumption of detention. First, his absconsion from supervision for over four years is obviously troubling. Moreover, this is a matter from the District of New Mexico, Las Cruces, over six hundred miles away, and it was argued to me at the hearing that the Defendant has (or, at least in the very recent past, had) limited means to travel. These circumstances have already resulted in a three-month delay (from the time of his arrest in November 2014) in getting Defendant before a United States District Judge to conduct the supervised release hearing, as well as a failure by Defendant to appear in New Mexico on December 10, 2015. The District of Colorado has had to open four different cases to deal with Mr. Gomez-Espinoza (09-mj-01182, 14-mj-01141, 14-mj-01151, and 15-mj-01008). Although Defendant had short notice of the actual hearing date on December 9 in Las Cruces, he knew full well that a hearing was coming very soon (having appeared in that court only one week prior, on December 3, 2015, and at that hearing having been informed that a Show Cause Hearing would be set soon).

Mr. Gomez-Espinoza also has a very recent positive test for use of cocaine, even while he was under orders from various Magistrate Judges in New Mexico and Colorado which prohibited any violation of federal, state or local law, and of course possession and use of cocaine is a violation of the law.

As a result, after considering all of these factors, I conclude that Defendant has not overcome the presumption of detention, and that he should be transported with all deliberate speed to the District of New Mexico and brought before a judicial officer there to revisit the detention issue.